IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SONJA WHITLOW, | ) | |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| vs. | ) | CASE NO.3:06-CV-655-MEF |
| | ) | |
| JUDGE DENSON, et al., | ) | |
| | ) | |
| RESPONDENTS. | ) | |

## ANSWER OF RESPONDENT

Comes now the Respondents, by and through the Attorney General for the State of Alabama, and, pursuant to this Court's July 28, 2006 order, hereby respectfully submit this Answer to the July 20, 2006 petition for writ of habeas corpus filed by Sonja Whitlow challenging her third degree trespassing conviction.

The Respondents deny that Whitlow is entitled to any relief whatsoever under the federal writ of habeas corpus.

## PROCEDURAL BACKGROUND

### A. Whitlow's third degree trespass conviction

1.    Sonja Whitlow was arrested on April 6, 2004 pursuant to a complaint filed by Anderson Norrell for the unlawful trespass on the premises of O.B. Ennis, or Ennis Foods.  Ex. 1A, 1B, 1C.

2.    On April 12, 2004, Whitlow appeared in the Opelika Municipal Court charged with third degree criminal trespass, in violation of Alabama Code (1975) Section 13A-7-4, she pled not guilty and not guilty due to mental disease or defect, and was found guilty by the municipal court judge, sentenced to 30 days imprisonment and court costs of $106.00.  Ex. 1D.  Whitlow appealed the municipal conviction to the Lee County Circuit Court.  Ex. 1E, 1F.

3.    Whitlow was ordered to undergo an evaluation by East Alabama Health on September 13, 2004.  Ex. 1J.

4.    Whitlow appeared in circuit court, CC-04-325 , Lee County Circuit Court Judge Jacob A. Walker, presiding, and Whitlow pled guilty on September 10, 2004 and was sentenced on October 21, 2004, to 30 days in jail, a $100.00 fine, and court costs.  Ex. 1H, 1I.

5.    Whitlow appeared before Judge Walker on February 25, 2005 for a review hearing and was committed to the Lee County Jail with a "purge amount"[1] of $400.00 and ordered to attend the Opelika Addiction Center. Ex. 1K, 1L. Whitlow appeared for a review hearing on July 7, 2005. Ex. 1M. Whitlow attended another review hearing on November 16, 2005 and was ordered to undergo a consultation with James Eason, the Correction Specialist Mental Health Officer with the Lee County Sheriff's Office. Ex. 1N. On January 17, 2006, Whitlow's next review hearing was held and Whitlow failed to appear and a warrant for her arrest was issued. Ex. 1O, 1P. Whitlow was arrested on April 7, 2006. Ex. 1P.

6.    Judge Walker ordered Whitlow's release from custody in CC-04-325 on May 2, 2006. Ex. 1Q. Whitlow has a pending review hearing on September 22, 2006, and is not incarcerated pursuant to this charge in CC-04-325. Ex. 1Q.

7.    Whitlow has another conviction for a violation of Alabama Code (1975) Section 13A-7-4, in which Lee County Circuit Judge John Denson is the sentencing judge (Lee County CC-03-667). Ex. 1R. Stemming from that case, and following an examination by James Eason, the Lee County Sheriff's Office and Detention Center Correction Specialist and Mental Health Officer, Whitlow's

---

[1] "Purge Amount" in this context, used by the Lee County Circuit Court refers to the monetary amount still owed by the defendant, including court costs and fines.

attorney filed a motion to place Whitlow in a group home, which was granted by Judge Denson. Ex 1S, 1T. On May 2, 2006, Judge Denson ordered that Whitlow was to remain incarcerated until a residential group home was found, and that James Eason, the Lee County Sheriff's Office and Detention Center Correction Specialist and Mental Health Officer, was to coordinate the placement. Ex. 1U.

**B. Appellate proceedings**

8.      Whitlow did not file a direct or post-conviction appeal to the Court of Criminal Appeals, or, therefore, to the Alabama Supreme Court on any grounds. Petition pp. 2, 5.

**C. The instant petition for habeas corpus**

9.      On July 20, 2006, Whitlow filed the instant petition for habeas corpus in this Court challenging her Lee County Circuit Court third degree trespass conviction, alleging the following grounds for relief:

A.      The trial court is holding her indefinitely in state custody;

B.      She was denied a right to an attorney at a hearing;

C.      She is a victim of double jeopardy.

Petition pp. 5-8. Whitlow makes no assertion that these claims were raised in any appeal or Rule 32 proceedings.

4

## ARGUMENT

## I.    WHITLOW'S PETITION IS BARRED BY THE AEDPA LIMITATION PERIOD.

10.    Whitlow's petition is barred by the limitation period set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244 (d)(1).  The AEDPA imposes a one-year statute of limitation on all habeas corpus petitions; "[t]he rule 'serves the well-recognized interest in the finality of state court judgments' and 'reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review.'"  Drew v. Department of Corrections,  297 F.3d 1278, 1283 (11th Cir. 2002), citing Duncan v. Walker, 533 U.S. 167, 179, 121 S. Ct. 2120, 2128, 150 L. Ed. 2d 251 (2001).  Title 28 U.S.C. § 2244 (d)(1)(A) provides that the limitation period begins to run on the date that the time for seeking direct review of the challenged judgment expires.  The limitation period is subject to statutory tolling under certain circumstances, such as when a properly filed state court postconviction petition is pending for review.  Goodman v. United States, 151 F. 3d 1335, 1337 (11th Cir. 1998); 28 U.S.C. § 2254 (d)(2).

11.    Following the Lee County Circuit Court's conviction, Whitlow did not file a direct appeal in the Alabama Court of Criminal Appeals or seek certiorari review in the Alabama Supreme Court; her conviction became final on December

2, 2004, forty two days after the decision by the Lee County Circuit Court. Ex. 1I. Whitlow's failure to seek a full review in the Alabama Court of Criminal Appeals, Alabama's intermediate appellate court for criminal cases, prevented certiorari review in the Alabama Supreme Court, Alabama's highest appellate court. <u>See</u> <u>Ala.R.App.P.</u> 40(d)(1) ("In all criminal cases except pretrial appeals by the state, the filing of an application for rehearing in the Alabama Court of Criminal Appeals is a prerequisite to certiorari review by the Alabama Supreme Court."). Whitlow's failure to seek review in the Alabama Supreme Court divested the United States Supreme Court of jurisdiction to review a petition for a writ of certiorari in that Court. <u>See</u> <u>Sup. Ct. R</u>. 13.1. ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); 28 U.S.C. § 1257 (a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where...any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission

held or authority exercised under, the United States.") Thus, Whitlow is not entitled to statutory tolling during the 90-day period within which she might have sought certiorari review in the United States Supreme Court, had she first sought review of her conviction in the Alabama Supreme Court. <u>See</u> <u>Tinker v. Moore</u>, 255 F. 3d 1331, 1332-1333 (11th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1144, 122 S. Ct. 1101 (2002) ("Tinker was convicted on the robbery charge, and on January 29, 1997, the Third District Court of Appeal affirmed her conviction. The mandate issued on February 14, 1997..Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on her direct appeal. Tinker's mandate issued on February 14, 1997, and thus he had until February 13, 1998, to file her § 2254 petition, absent tolling of the limitations period.").

12.    Whitlow did not file a Rule 32 post conviction petition.

13.    Whitlow filed the instant habeas petition in this Court on July 20, 2006. Petition p. 1. Thus, after taking the statutory tolling into account as required by 28 U.S.C. § 2244 (d)(2), Whitlow's habeas petition was filed 230 days outside of the one year limitation period.

14.    "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond her control and unavoidable even with diligence." <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999). Whitlow has shown no grounds on which she would be entitled

to equitable tolling, "an extraordinary remedy which is typically applied sparingly[,]" to excuse her failure to file within the statutory period. <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000); <u>Howell v. Crosby</u>, 415 F. 3d 1250, 1251 (11th Cir. 2005). Accordingly, Whitlow's petition is due to be dismissed as untimely, and this Court need look no further for its disposition of the petition.

## II.    WHITLOW'S CLAIMS ARE PROCEDURALLY DEFAULTED, DUE TO HER FAILURE TO EXHAUST HER STATE COURT REMEDIES.

15.    As shown above, Whitlow's petition was filed outside of the one-year limitation period set forth by 28 U.S.C. 2244 (d)(1), and is due to dismissed on this ground alone. Additionally, however, it is noted that Whitlow's claims are procedurally defaulted due to her failure to exhaust them in state court.

16.    This Court will not review claims made in a petition for habeas corpus that were not first properly presented to the state courts. "Habeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court." <u>McNair v. Campbell</u>, 416 F. 3d 1291, 1302 (11th Cir. 2005). 28 U.S.C. § 2254 (b)(1)(A) requires the federal habeas petitioner to first exhaust her remedies in the state court system; this exhaustion requirement is "grounded in the principles of comity and federalism[.]" <u>Henderson v. Campbell</u>, 353 F. 3d 880, 897-898 (11th Cir. 2003). "[I]n a federal system, the States should have the first opportunity to address and correct alleged violations of state

8

prisoner's federal rights." <u>Coleman v. Thompson</u>, 501 U.S. 722, 731, 111 S. Ct. 2546, 2555 (1991). "The exhaustion doctrine, first announced in <u>Ex parte Royal</u>, 117 U.S. 241, 6 S. Ct. 734, 29 L. Ed. 868 (1886), is now codified at 28 U.S.C. § 2254 (b) (1) (1994 ed., Supp. III)." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999).

17.    A petitioner for habeas relief is required to comply with the state courts' procedural requirements in first submitting the claims to those courts; otherwise, the claims are considered unexhausted and barred from federal habeas review. "A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." <u>Judd v. Haley</u>, 250 F. 3d 1308, 1313 (11th Cir. 2001). If a state court rejects a petitioner's claim on state procedural grounds, that rejection will generally preclude any subsequent federal habeas review of that claim. <u>Id.</u>  In addition, for purposes of exhaustion, the habeas claims must have been presented throughout the state appellate court system. "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary.'" <u>Pruitt v. Jones</u>, 348 F. 3d 1355, 1358-59 (11th Cir. 2003) (citing <u>Boerckel</u>, 526 U.S. at 845, 119 S. Ct. at 1732-1733). The certiorari review

procedure of the Supreme Court of Alabama falls within the <u>Boerckel</u> rule. <u>Smith</u> <u>v. Jones</u>, 256 F. 3d 1135, 1140 (11th Cir. 2001). "Under Alabama law, 'one complete round' of review... includes: (1) filing a petition for certiorari in state circuit court, <u>see</u> <u>Johnson v. State</u>, 729 So. 2d 897, 898 (Ala. Crim. App. 1997); (2) appealing the denial of that petition to the Alabama Court of Criminal Appeals, <u>see</u> Ala.Code § 12-3-9 (2003); <u>Johnson</u>, 729 So. 2d at 898; (3) petitioning the Alabama Court of Criminal Appeals for rehearing, <u>see</u> Ala.R.App.P. 39(c)(1); and (4) seeking discretionary review in the Alabama Supreme Court, <u>see</u> Ala.R.App.P. 39 (c)." <u>Dill v. Holt</u>, 371 F. 3d 1301, 1303 (11th Cir. 2004).

18.     Clearly, by her own admission, Whitlow's claims are not exhausted. <u>See</u>, <u>e.g.</u>, <u>McNair v. Campbell</u>, 416 F. 3d at 1302; <u>Boerckel</u>, 526 U.S. at 845, 119 S. Ct. at 1732-1733, Petition pp. 3, 5. These specific claims were not raised in any direct appeal proceedings, nor in a post-conviction proceeding. Because Whitlow has not sought review of her claims in the Alabama Court of Criminal Appeals and the Alabama Supreme Court, the claims would be unexhausted. <u>See</u> <u>Judd v. Haley</u>, 250 F. 3d 1308, 1313; <u>Boerckel</u>, 526 U.S. at 845, 119 S. Ct. at 1732-1733.

19.     Whitlow's claims are not capable of further presentation to the state courts via <u>Ala.R.Crim.P.</u> Rule 32 because they would stem from an untimely petition, and because they could have been raised at trial, on direct appeal, or in a timely filed Rule 32 petition. <u>Ala.R.Crim.P.</u> Rules 32.2 (a)(3), (a)(4), (a)(5), (b),

(c). Further, Whitlow has not shown cause and actual prejudice arising from an alleged violation of federal law, nor has she shown a resulting fundamental miscarriage of justice if this Court does not consider the merits of the claims. E.g., Schlup v. Delo, 513 U.S. 298, 320, 115 S. Ct. 851, 864 (1995).

20.     Whitlow has had numerous criminal violations and has mistakenly used facts from a separate and distinct case in her petition for writ of habeas corpus pursuant to her conviction under CC-04-325. Whitlow has made claims regarding a group home, her alleged indefinite period of time in anticipation of admittance to a group home, and an alleged indefinite period of time committed to said group home. Petition pp. 1-5, 8. However, there is no relation to any of the proceedings in CC-04-325 to a group home. A term spent in a group home stems from an October 6, 2005 restitution review hearing in Lee County CC-03-667, another conviction of third degree trespassing, in which the named respondent Honorable Judge John Denson, Lee County Circuit Judge, presides. In that case, Judge Denson ordered James Eason to complete a mental evaluation report on Whitlow, and following the completion of the report, Whitlow's attorney was to prepare a Motion for Placement to a Group Home so the trial court could order the same. Ex. 2A, 2B, 2C. The hearing on the Motion for Placement was to be held November 2, 2005, but was continued to January 5, 2006, due to the failure of the Lee County Sheriff's Department to transport Whitlow from the Opelika Police

11

Department for the hearing. Ex. 2D, 2E. Pursuant to the January 5, hearing on Whitlow's Motion for Placement, Judge Denson ordered Whitlow to "reside in a supervised residential group home as deemed appropriate per the East Alabama Mental Health Center." Ex. 2G. On May 2, 2006, Judge Denson made an entry in the case action summary, stating that Whitlow was to remain incarcerated until a residential group home was found, and that James Eason was to coordinate the placement. Ex. 2H. Therefore, not only is Whitlow's petition barred as untimely, and she has not exhausted her state remedies, but her claim of being incarcerated indefinitely pursuant to CC-04-325 is meritless, and her claim that she has been subject to double jeopardy is also meritless.

21.    Whitlow's other claim of not being afforded an attorney at her release hearing is a claim that was due to be adjudicated by the state courts, and is not properly before this Court because it is unexhausted.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Whitlow's petition for writ of habeas corpus.

Respectfully submitted,

Troy King(KIN047)
Attorney General
By:

s/Marcus S. Bass
Marcus S. Bass
Assistant Attorney General

## EXHIBITS

Exhibit 1A:  Opelika Municipal complaint sworn out against Sonja Whitlow; CMP040564.

Exhibit 1B:  Opelika Municipal Affidavit and Warrant of Arrest of Sonja Whitlow.

Exhibit 1C:  Opelika Municipal Certificate of Execution of arrest of Sonja Whitlow.

Exhibit 1D:  Opelika Municipal sentence in MCN04 00336, Sonja Whitlow.

Exhibit 1E:  Opelika Municipal appeal bond of Sonja Whitlow appeal MCN04 00336 to the Lee County Circuit Court

Exhibit 1F:  Opelika Municipal notice of appeal of Sonja Whitlow appeal MCN04 00336 to the Lee County Circuit Court

Exhibit 1G:  Lee County Circuit Court criminal complaint against Sonja Whitlow, State of Alabama v. Sonja Whitlow, CC-04-325.

Exhibit 1H:  Lee County Circuit Court guilty plea entered by Sonja Whitlow in State of Alabama v. Sonja Whitlow, CC-04-325 on September 10, 2004.

Exhibit 1I:  Lee County Circuit Court, Judge Jacob A. Walker, III, sentence order in State of Alabama v. Sonja Whitlow, CC-04-325, on October 21, 2004.

Exhibit 1J:   Lee County Circuit Court, Judge Jacob A. Walker, III, order in
State of Alabama v. Sonja Whitlow, CC-04-325 requiring an
evaluation by the East Alabama Mental Health on September 13,
2004.

Exhibit 1K:   Lee County Circuit Court, Judge Jacob A. Walker, III, order
subsequent to review hearing in State of Alabama v. Sonja
Whitlow, CC-04-325, on February 25, 2005.

Exhibit 1L:   Lee County Circuit Court, Judge Jacob A. Walker, III, order
requiring Sonja Whitlow to attend Opelika Addiction Center in
State of Alabama v. Sonja Whitlow, CC-04-325, on March 3, 2005.

Exhibit 1M:   Lee County Circuit Court, Judge Jacob A. Walker, III, review
hearing held in State of Alabama v. Sonja Whitlow, CC-04-325
on July 7, 2005.

Exhibit 1N:   Lee County Circuit Court, Judge Jacob A. Walker, III, review
hearing held in State of Alabama v. Sonja Whitlow, CC-04-325
on November 18, 2005.  Additional order requiring James Eason
to do a consult before release.

Exhibit 1O:   Lee County Circuit Court, Judge Jacob A. Walker, III, review
hearing held in State of Alabama v. Sonja Whitlow, CC-04-325
on January 17, 2006.  Sonja Whitlow did not appear, and arrest
warrant was issued.

Exhibit 1P:   Arrest warrant in State of Alabama v. Sonja Whitlow,
CC-04-325, dated January 24, 2006.  Whitlow arrested on
April 7, 2006.

Exhibit 1Q:  Lee County Circuit Court, Judge Jacob A. Walker, III, order of
release from jail for Sonja Whitlow in <u>State of Alabama v. Sonja
Whitlow</u>, CC-04-325, dated May 2, 2006.


Exhibit 1R:  Alabama SJIS Case Detail Report for <u>State of Alabama v.
Sonja Whitlow</u>, CC-03-667.


Exhibit 1S:  Examination report of Sonja Whitlow from James Eason,
Lee County Sheriff's Office and Detention Center Correction
Specialist and Mental Health Officer, dated October 6, 2005.


Exhibit 1T:  Motion for placement filed by Sonja Whitlow in <u>State of
Alabama v. Sonja Whitlow</u>, CC-03-667, dated November 2, 2005.


Exhibit 1U:  Lee County Circuit Court, Judge John V. Denson, II, order of
placement of Sonja Whitlow in a supervised residential group
home <u>State of Alabama v. Sonja Whitlow</u>, CC-03-667, dated
January 6 2006.


Exhibit 1V:  Lee County Circuit Court, Judge John V. Denson, II, case action
summary notes of order of  placement of Sonja Whitlow in a
supervised residential group home <u>State of Alabama v. Sonja
Whitlow</u>, CC-03-667, dated May 2, 2006.


Exhibit 2A:  Lee County Circuit Court, Judge John V. Denson, II, order of a
mental evaluation and motion for placement to a group home in
<u>State of Alabama v. Sonja Whitlow</u>, CC-03-667, dated October 6,
2005 and November 3, 2006.


Exhibit 2B:  Examination report of Sonja Whitlow from James Eason,
Lee County Sheriff's Office and Detention Center Correction
Specialist and Mental Health Officer, dated October 6, 2005.
SAME AS Exhibit 1S.

Exhibit 2C:  Motion for placement filed by Sonja Whitlow in <u>State of</u>
<u>Alabama v. Sonja Whitlow</u>, CC-03-667, dated November 2,
2005.  SAME AS Exhibit 1T.


Exhibit 2D:  Lee County Circuit Court, Judge John V. Denson, II, order to
set  placement hearing of Sonja Whitlow for November 15, 2006
in <u>State of Alabama v. Sonja Whitlow</u>, CC-03-667, dated
November 3, 2006.


Exhibit 2E:  Lee County Circuit Court, Judge John V. Denson, II, order to set
placement hearing of Sonja Whitlow for January 5, 2006 in <u>State</u>
<u>of Alabama v. Sonja Whitlow</u>, CC-03-667, dated November 15,
2006, due to the failure of the Lee County Sheriff's Department to
transport Whitlow to hearing on November 5, 2006.


Exhibit 2F:  Lee County Circuit Court, Judge John V. Denson, II, order to
transport Sonja Whitlow for a January 5, 2006 hearing in <u>State</u>
<u>of Alabama v. Sonja Whitlow</u>, CC-03-667, dated December 21, 2005.


Exhibit 2G:  Lee County Circuit Court, Judge John V. Denson, II, order of
placement of Sonja Whitlow in a supervised residential group
home <u>State of Alabama v. Sonja Whitlow</u>, CC-03-667, dated
January 6 2006.  SAME AS Exhibit 1U.


Exhibit 2H:  Lee County Circuit Court, Judge John V. Denson, II, case action
summary notes of order of  placement of Sonja Whitlow in a
supervised residential group home <u>State of Alabama v. Sonja</u>
<u>Whitlow</u>, CC-03-667, dated May 2, 2006.  SAME AS Exhibit 1V.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 31st day of August, 2006, I electronically filed the foregoing, including exhibits, with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the foregoing, including exhibits, to the following non-CM/ECF participant:

> SONJA WHITLOW
> Lee County Detention Center
> 2311 Gateway Drive
> Opelika, Alabama 36801

> /s/Marcus S. Bass
> Marcus S. Bass ()
> Office of the Attorney General
> Alabama State House
> 11 South Union Street
> Montgomery, Alabama  36130-0152
> Telephone:  (334) 242-7300
> Fax:  (334) 242-2848
> E-Mail:  mbass@ago.state.al.us

166311

State of Alabama                                        Warrant Number:
United Judicial System                                 AW040526
                                                       Case Number:
Form OMC-3  Rev. 9/89                                  CMP040564
***********************************************************************************************

## COMPLAINT
***********************************************************************************************

Before me, a Magistrate of the Municipal Court of Opelika, Alabama, personally appeared this day the undersigned complainant who, upon first being duly sworn, states on oath that he/she has probable cause for believing and does believe that **SONJA WHITLOW**, alias, whose name is otherwise unknown to the complainant, did, on or about **April 6, 2004**, within 12 months of the commencement of this action, commit the offense of **CRIMINAL TRESPASS THIRD DEGREE** within the City of Opelika or in the Police Jurisdiction thereof in that he/she did:

SONJA WHITLOW, alias did knowingly enter or remain unlawfully in or upon premises of O.B. Ennis, 309 South 9th Street, Opelika, Alabama, to-wit: Sonja has been told several time to stay off of the property of O.B. Ennis, and she continues to come back

in violation of Ordinance Number/Section **19-224** previously duly adopted, effective and in full force at the time the offense was committed.

Sworn to and subscribed before me this ____4-6____, 20_04_

_____
Magistrate

Complainant: _____

Address: _309 S. 9th Street____

Telephone Number: _(334) 745-5192____

================================================================
WITNESSES
================================================================
NAME/ADDRESS/TELEPHONE

_____

_____

_____



EXHIBIT
1A

# AFFIDAVIT AND WARRANT OF ARREST

**WARRANT NUMBER:**
AW040526

**DOCKET NUMBER:**
MCN04 00336

*********************************************************************************************************

| THE STATE OF ALABAMA | IN THE MUNICIPAL COURT OF |
| LEE COUNTY | OPELIKA, ALABAMA |

## AFFIDAVIT

Before me, Judge/Magistrate of the Municipal Court of Opelika, Alabama, personally appeared this day **ANDERSON NORRELL** who, upon first being sworn, states on oath that he/she has probable cause for believing and does believe that **SONJA WHITLOW**, alias whose name is otherwise unknown to the affiant, did on, to wit **6th day of April, 2004,** within twelve months before making this affidavit and within the City of Opelika, or the Police Jurisdiction thereof:

SONJA WHITLOW, alias did knowingly enter or remain unlawfully in or upon premises of O.B. Ennis, 309 South 9th Street, Opelika, Alabama, to-wit: Sonja has been told several time to stay off of the property of O.B. Ennis, and she continues to come back

against the peace and dignity of the City of Opelika, Alabama, in violation of Section **(19-224)** of the Code of Ordinances of the City of Opelika, Alabama, previously duly adopted, effective and in full force at the time the offense was committed.

Sworn to and subscribed before me
this 6th day of April, 2004.

_____
Judge/Magistrate

Affiant: _____
Address: 309 S 9th Street
Telephone #: (334) 745-5192

| THE STATE OF ALABAMA | IN THE MUNICIPAL COURT OF |
| LEE COUNTY | OPELIKA, ALABAMA |

TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:

Complaint on oath having been made before me that the offense of **CRIMINAL TRESPASS THIRD DEGREE** has been committed within said City Jurisdiction, in violation of Ordinance Number **(19-224)** and accusing **SONJA WHITLOW**, alias with committing the same, you are therefore commanded forthwith to arrest said **SONJA WHITLOW**, alias and have him/her before the Municipal Court of the said City to answer said charges.

Witness my hand this 6th day of April, 2004.

AFFIDAVIT AND WARRANT

_____
Judge/Magistrate

**BOND AMOUNT REQUIRED: 50.00**

******IDENTIFICATION OF ACCUSED PERSON******
NAME: SONJA WHITLOW     TELEPHONE NUMBER: ()) SSN: 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 DOB: 03/20/1964
RACE: BLACK     002 SEX: F HEIGHT: 5'05" WEIGHT: 0105 lbs. HAIR: Black EYES: Brown
ADDRESS: 2526 SAMFORD CT OPELIKA, AL 36801-0000
NAME OF EMPLOYER:     EMPLOYER TELEPHONE NUMBER: () -
EMPLOYER ADDRESS:

*[Left margin, rotated text:]* versus Sonja Whitlow. Given on this the 13th dya of April 2004. Elaine Kirby-Municipal Court Clerk my commission expries on 6/27/07.

**EXHIBIT**
1B

## CERTIFICATE OF EXECUTION

I have executed this warrant by arresting the within named defendant **SONJA WHITLOW** on this date,
__6th__ day of _____April_____, 20 _04_ at ___1:27___ o'clock __P__ .M., and:

( X ) Committing to Jail    (   ) Admitting to Bail.

_____
Officer

## WITNESSES

NAME:         ADDRESS:         TELEPHONE #:

_____
_____
_____

## MUNICIPAL COURT APPEARANCE BOND

We _____ Principal, and _____
_____Sureties, agree to pay to the City of Opelika, Alabama,
_____Dollars, unless the said _____
appears before the Municipal Court of the City of Opelika, Alabama, on the _____ day of
_____ 20___, and from day to day, and from term to term, thereafter, until discharged
by due course of law, to answer a criminal prosecution for the offense of **CRIMINAL TRESPASS THIRD DEGREE**.

And we, and each of us, hereby waive all rights of claim of exemption we or either of us have now, or may have, under the Constitution and Laws of the State of Alabama, and we hereby severally certify and solemnly swear that we have property free all encumbrances to the full amount of the above bond.

Witness our hands and seals this _____ day of _____ 20___.

_____(L.S.)
Principal's Signature

_____(L.S.)
Surety's Signature

_____(L.S.)
Surety's Signature

Address _____   Telephone Number

Address _____   Telephone Number

Address _____   Telephone Number

Approved this _____ day of _____ 20___.

_____
Municipal Judge or Magistrate

**EXHIBIT**
_1C_

CASE ACTION SUMMARY

CASE# MCN04 00336

Defendant: SONJA WHITLOW                          Sex:   F        Race:   B
DOB:        03/20/1964
                                                          Court Date: 4/12/2004
Address:              2526 SAMFORD CT
                      OPELIKA, AL 36801-0000
Phone Number:         ()
Employer Phone Number:

---

Complaintant:         ANDERSON NORRELL
Witness:

Arrest Date:          04/06/2004
Charge:               CRIMINAL TRESPASS THIRD DEGREE
Arresting Officer:    ALFRED JOHNSON
Date Committed to Jail:  4-6-04        Date Released from Jail:
Amount of Bond: xxxx $50.00            Attorney:
Sureties:

---

Bench Notes:

Δ PLEAS    NG + N.G. MENTAL DISEASE/DEFECT

On 4-12-04 (date) the defendant appears in open court in person and pleads _____ guilty. After hearing the evidence it is the judgement of the court that defendant is _____ guilty and is fined $ ___ together with $ 106 costs, and sentenced to 30 days in city jail.
Additional Orders
BANNED FROM OB ENNIS
CONSECUTIVE. NUTTER EARTH

_____
Judge Municipal Court

FEE SHEET

| Summary | Time Served |
|---|---|
| FINE_____ | ____days served at_____ per day |
| COSTS_____ | |
| FAIR TRIAL TAX_____ | |
| POA FUND_____ | |
| BOND FORFEITURE_____ | |
| TOTAL_____ | |

Cash Payment:    Date              Receipt Number           Amount

_____   _____   _____
_____   _____   _____

EXHIBIT
1 D

*Vertical text left margin:* versus Sonja Whitlow. Given on this the 13th day of April 2004. Elaine Kirby Municipal Court Clerk my commission expires on 6/27/07.

**Appeal Record:**   Circuit Court Case Number: _____

Date of Appeal:          04-13-04

Amount of Bond:          $612.00

Bondsman:

Orders of Circuit Court:

ATE OF ALABAMA    X
                  X         )         APPEAL BOND         )
E COUNTY          X

THE MUNICIPAL COURT OF THE CITY OF OPELIKA, ALABAMA

ow all men by these presents, that we, ___Sonja Whitlow_____,
incipal, and _____ and _____,
reties, are held and firmly bound unto the City of Opelika, Alabama, in
e sum of _____$612.00_____ dollars for the payment of which, well and
uly to be made, we bind ourselves, our heirs, executors, and administrators
intly and severally, firmly by these presents.

    Witness our hands and seals, this _____ day of _____,
___.

    The condition of the above obligation is such, that whereas, the above
inden defendant was, on the __12th__ day of _____April_____, 20_04_,
ivicted in the Municipal Court of the City of Opelika, Alabama, of the
iense of ___Criminal Trespass III_____
the case of City of Opelika vs. ___Sonja Whitlow_____,
e No. _MCN04 00336___, and by the judgment of said Court sentenced to
ead Guilty cost $106.00 & 30 days in City Jail_____.

    And, whereas, the said defendant has this day prayed an appeal from
d judgment to the Circuit Court of said County:

    Now, if the said _____Sonja Whitlow_____ shall appear
the next term of the Circuit Court, and from term to term thereafter
il discharged, and abide by and perform whatever sentence be adjudged
said Court against him, then the above obligation to be void; otherwise
remain in full force and effect; and each of us waive our exemptions
:o personal property.

                         _____(L.S.)
                         Principal  SOC# 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

                         2526 Samford Court
                         Opelika, AL  36801
                         Address 1(    )          Telephone #

                         _____(L.S.)
                         Surety

                         Address 1(    )          Telephone #

                         _____(L.S.)
                         Surety

oved:                    Address 1(    )          Teleph

_____
:ipal Judge or
:ipal Court Clerk

EXHIBIT
1E

STATE OF ALABAMA )          NOTICE OF APPEAL FF ) MUNICIPAL
LEE COUNTY          X          COURT TO CIRCUIT COURT

## IN THE MUNICIPAL COURT OF THE CITY OF OPELIKA, ALABAMA

Notice is hereby given that _____Sonja Whitlow_____

_____ appeals to the Circuit Court of Lee County, Alabama,

from the judgment of the Municipal Court of the City of Opelika,

Alabama, in the case of City of Opelika  vs. _____

___Sonja Whitlow_____, Case No. MCN04 00336 , on a charge of

___Criminal Trespass III_____

Filed With This Notice of Appeal:

☐ Appeal Bond

☐ Cash

☐ Is Exempt From Giving B

*Kamala –
Send back
everything you have
and refile these.
Thanks
Irene
4/27/04*

☐ Trial By Jury Demanded

Date Filed ___04-13-04___  Appealing Party _Sonja Elaine Whitlow_

SOC# ___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___

2526 Samford Court
Opelika, AL  36801
Address
1 ( ) f
Telephone Number

Certified As A True Copy:

_Elaine Kirby_
Clerk

F I L E D
APR 27 2004
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

EXHIBIT
1F

CRT-002

CITY OF OPELIKA, a                    )    IN THE CIRCUIT COURT OF
Municipal Corporation                 )
                                      )    LEE COUNTY, ALABAMA
        Plaintiff                     )
                                      )    CRIMINAL DIVISION
vs.                                   )
                                      )    CASE NO. CC-04-325
SONJA WHITLOW,                        )
                                      )
        Defendant                     )

**FILED**

AUG 24 2004

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

## COMPLAINT

### CRIMINAL TRESSPASS, THIRD DEGREE

The City of Opelika, a Municipal Corporation, by its attorneys, complains that on or about _____ April 6, 20 04 ___, within twelve (12) months next preceding the commencement of the prosecution of this case, and within the corporate limits of the City of Opelika, or the police jurisdiction thereof, the Defendant, Sonja Whitlow                     , did within the City of Opelika, or the police jurisdiction thereof, knowingly enter or remain unlawfully upon the premises of Ennis Foods located at 309 South 9th Street, Opelika, AL , to wit:

in violation of Section 19-224 of the Code of Ordinances of the City of Opelika, Alabama, (1983 as amended and revised), previously duly adopted, effective and in full force at the time the offense was committed. Section 19-224 of the Code of Ordinances of the City of Opelika, Alabama, (1983 as amended and revised), provides as follows:

"A person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises."

The violation of said ordinance is punishable under the provisions of Section 1-8 of the Code of Ordinances of the City of Opelika as follows:

"Any person committing an offense within the corporate limits of the City or within the police jurisdiction thereof, which is a violation of an ordinance of the City existing or hereafter enacted, shall upon conviction, be punished by a fine of not less than one dollar ($1.00) nor more than $500.00.  In addition thereto, any person so convicted may be imprisoned or sentenced to hard labor

**EXHIBIT**

1 C-

for the city for a period not exceeding six (6) months, at the discretion of the court trying the case. Provided, however, that no penalty shall consist of a fine or sentence of imprisonment exceeding the maximum fine or sentence of imprisonment established under state law for the commission of substantially similar offenses. The penalty imposed on a corporation shall consist of the fine only, plus costs of court."

CITY OF OPELIKA, a Municipal Corporation

BY: _____

City Attorney

*A*



| State of Alabama<br>Unified Judicial System | **EXPLANATION OF RIGHTS AND<br>PLEA OF GUILTY**<br>(Non-Habitual Offender — Felony and Misdemeanor<br>Circuit or District Court) | Case Number |
|---|---|---|
| Form CR-51(front)    Rev. 7/02 | | CC 04-325 |

IN THE _____Circuit_____ COURT OF _____Lee_____
    *(Circuit or District)*                                          *(Name of County)*

**EXHIBIT**

**1 H**

STATE OF ALABAMA v. _____Sonja Whitlow_____
                                                     **Defendant**

**TO THE ABOVE-NAMED DEFENDANT:** The Court, having been informed that you wish to enter a plea of guilty in this case, hereby informs you of your rights as a criminal defendant.

### PENALTIES APPLICABLE TO YOUR CASE

You are charged with the crime of ___Crim. Trespass III___, which is a Class ___Violation___ ☐ Felony ☐ Misdemeanor. The Court has been informed that you desire to enter a plea of guilty to ☐ this offense or ☐ to the crime of ___Crim. Trespass III___ which is a ☐ felony ☐ misdemeanor. The sentencing range for the above crime(s) is set out below:

| MISDEMEANOR | *Violation* | | FELONY | |
|---|---|---|---|---|
| **Class A** | Up to one (1) year imprisonment in the county jail, or a fine up to $2,000, or both. | | Class A | Not less than ten (10) years and not more than life or ninety-nine (99) years imprisonment in the state penitentiary, and may include a fine not to exceed $20,000. |
| **Class B** | Up to six (6) months imprisonment in the county jail, or a fine up to $1,000, or both.<br>*See* | | Class B | Not less than two (2) years and not more than twenty (20) year imprisonment in the state penitentiary, and may include a fine not to exceed $10,000. |
| **Class C** | Up to three (3) months imprisonment in the county jail, or a fine not to exceed $500, or both. | | Class C | Not less than one (1) year and one (1) day and not more than ten (10) years imprisonment in the state penitentiary, and may include a fine not to exceed $5,000. |

**Crime Victims Assessment:** You will also be ordered to pay an additional monetary penalty for the use and benefit of the Alabama Crime Victims Compensation Commission of not less than $50 and not more than $10,000 for each felony and not less than $25 and not more than $1,000 for each misdemeanor for which you are convicted.

This crime is also subject to the following enhancements or additional penalties as provided by law: (Provisions Checked Apply To Your Case)

☐ **Enhanced Punishment For Use Of Firearm Or Deadly Weapon:** Section 13A-5-6, Ala. Code 1975, provides for the enhancement of a punishment where a "firearm or deadly weapon was used or attempted to be used in the commission of a felony." This section provides for the following punishment in such event: For the commission of a Class A Felony, a term of imprisonment of not less than 20 years; For the commission of a Class B Felony, a term of imprisonment of not less than 10 years; For the commission of a Class C Felony, at term of imprisonment of not less than 10 years.

☐ **Enhanced Punishment for Drug Sale Near School:** Section 13A-12-250, Ala. Code 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public or private school, college, university or other educational institution, must be punished by an additional penalty of five years' imprisonment for each violation.

☐ **Enhanced Punishment For Sales Of Controlled Substance To One Under 18:** Section 13A-12-215, Ala. Code 1975, provides that anyone convicted of selling, furnishing or giving away a controlled substance to one who has not yet attained the age of 18 years, shall be guilty of a Class A Felony and the punishment imposed shall not be suspended or probation granted.

☐ **Drug Demand Reduction Assessment Act and Loss of Driving Privileges:** Section 13A-12-281 provides that, if you are convicted of a violation of Sections 13A-12-202, 13A-12-203, 13A-12-204, 13A-12-211, 13A-12-212, 13A-12-213, 13A-12-215 or 13A-12-231, Ala. Code 1975, you shall be assessed an additional fee of $1,000 if you are a first-time offender or $2,000 if you are a repeat offender under one of these sections. Collection of all or part of the penalty may be suspended if, with court approval, you enter a drug rehabilitation program and if you agree to pay for a part or all of the program costs. Upon successful completion of the program, you may apply to the court to reduce the penalty by the amount actually paid by you for participation in the program. Any suspension of the penalty can be withdrawn by the court if you fail to enroll in or successfully pursue or otherwise fail to complete an approved program. In addition, pursuant to Section 13A-12-214 (unlawful possession of marijuana in the second degree), Section 32-5A-191(a)(3) or Section 32-5A-191(a)(4)(DUI offenses involving drugs), you will lose your privilege to drive a motor vehicle for a period of six months, which shall be in addition to any suspension or revocation otherwise provided by law.

☐ **Alcohol/Drug Related Offenses:** If you are convicted of an alcohol or drug-related offense, you will be required to undergo an evaluation for substance abuse. Based upon the results of any such evaluation, you will be required to complete the recommended course of education and/or treatment and to pay for the evaluation and any program to which you are referred. Failure to submit to an evaluation or failure to complete any program to which you may be referred will be considered a violation of any probation or parole you may be granted. You may also be required to attend monitoring sessions, including random drug and alcohol testing or blood, urine and/or breath, tests and to pay a fee for this service. You may request a waiver of part or all of the fees assessed if you are indigent or for any portion of time you are financially unable to pay. Community service may be ordered by the court in lieu of the monetary

Form CR-51 (back)    Rev. 7/02

## EXPLANATION OF RIGHTS AND PLEA OF GUILTY
### (Non-Habitual Offender – Felony and Misdemeanor – Circuit or District Court)

☐ **DNA Samples for Criminal Offenses in Section 36-18-24:** Beginning May 6, 1994, Section 36-18-25(e), Ala. Code 1975, provides that, as of May 6, 1994, all persons convicted of any of the offenses set out in Section 36-18-24, shall be ordered by the court to submit to the taking of a DNA sample or samples.

☐ **DUI Offenses:** Beginning October 1, 1993, if you are convicted of a DUI offense pursuant to Section 32-5A-191, Ala. Code 1975, an additional fine of $100.00 will be assessed pursuant to Section 32-5A-191.1, Ala. Code 1975.

☐ **Drug Possession:** Beginning October 1, 1995, if you are convicted in any court of this state for drug possession, drug sale, drug trafficking, or drug paraphernalia offenses as defined in Sections 13A-12-211 to 13A-12-260, inclusive, Ala. Code 1975, an additional fee of $100.00 will be assessed pursuant to Section 36-18-7, Ala. Code 1975.

☐ **Other:** _____

### RIGHTS YOU HAVE AND THE WAIVER OF YOUR RIGHTS

Under the Constitution of the United States and the Constitution and laws of the State of Alabama, you have a right to remain silent and you may not be compelled to give evidence against yourself. Your attorney cannot disclose any confidential talks he/she has had with you. You do not have to answer any questions. If you do answer questions knowing that you have a right to silence, you will have waived your right to remain silent.

You have the right to enter, or stand on if previously entered, a plea of "Not Guilty" or Not Guilty by Reason of Mental Disease or Defect," or "Not Guilty and Not Guilty by Reason of Mental Disease or Defect" and have a public trial before a duly selected jury. The jury would decide your guilt or innocence based upon the evidence presented before them. If you elect to proceed to trial, you would have the right to be present, you would have the right to have your attorney present to assist you, you would have the right to confront and cross examine your accuser(s) and all the State's witnesses, you would have the right to subpoena witnesses to testify on your behalf and to have their attendance in court and their testimony required by the court, and you would have the right to take the witness stand and to testify, but only if you chose to do so, as no one can require you to do this. If you elect to testify, you can be cross examined by the State just as any other witness is subjected to cross examination. If you elect not to testify, no one but your attorney will be allowed to comment about that fact to the jury. Your attorney is bound to do everything he/she can honorably and reasonably do to see that you obtain a fair and impartial trial.

If you elect to proceed to trial, you come to court presumed to be innocent. This presumption of innocence will follow you throughout the trial until the State produces sufficient evidence to convince the jury (or the court if the trial is non-jury) of your guilt beyond a reasonable doubt. You have no burden of proof in this case. If the State fails to meet its burden, you would be found not guilty.

If you are entering a guilty plea to a charge for which you have not yet been indicted, you are waiving indictment by a grand jury and you will be pleading guilty to a charge preferred against you by a District Attorney's Information filed with the court.

IF YOU PLEAD GUILTY, THERE WILL BE NO TRIAL. YOU WILL BE WAIVING THE RIGHTS OUTLINED ABOVE, EXCEPT YOUR RIGHTS RELATING TO REPRESENTATION BY AN ATTORNEY. THE STATE WILL HAVE NOTHING TO PROVE AND YOU WILL STAND GUILTY ON YOUR GUILTY PLEA. BY ENTERING A PLEA OF GUILTY, YOU WILL ALSO WAIVE YOUR RIGHT TO APPEAL, UNLESS (1) YOU HAVE, BEFORE ENTERING THE PLEA OF GUILTY, EXPRESSLY RESERVED THE RIGHT TO APPEAL WITH RESPECT TO A PARTICULAR ISSUE OR ISSUES, IN WHICH EVENT APPELLATE REVIEW SHALL BE LIMITED TO A DETERMINATION OF THE ISSUE OR ISSUES RESERVED, OR (2) YOU HAVE TIMELY FILED A MOTION TO WITHDRAW THE PLEA OF GUILTY AFTER PRONOUNCEMENT OF SENTENCE ON THE GROUND THAT THE WITHDRAWAL IS NECESSARY TO CORRECT A MANIFEST INJUSTICE, AND THE COURT HAS DENIED YOUR MOTION TO WITHDRAW YOUR PLEA, OR THE MOTION HAS BEEN DEEMED DENIED BY OPERATION OF LAW.

IF YOU HAVE A RIGHT TO APPEAL UNDER ONE OF THE CONDITIONS ABOVE AND YOU ARE DETERMINED BY THE COURT TO BE INDIGENT, COUNSEL WILL BE APPOINTED TO REPRESENT YOU ON APPEAL IF YOU SO DESIRE AND IF THE APPEAL IS FROM A CIRCUIT COURT JUDGMENT OR SENTENCE, A COPY OF THE RECORD AND THE REPORTER'S TRANSCRIPT WILL BE PROVIDED AT NO COST TO YOU.

IF YOU HAVE ANY QUESTIONS ABOUT YOUR RIGHTS OR THE CONSEQUENCES OF PLEADING GUILTY, PLEASE LET THE COURT KNOW NOW AND FURTHER EXPLANATION WILL BE MADE.

Date _____16-21-04_____    Judge _____

### ATTORNEY'S CERTIFICATE

I certify that the above was read to the defendant by me; that I explained the penalty or penalties to the defendant, that I discussed in detail the defendant's rights and the consequences of pleading guilty; and that, in my judgment, the defendant understands the same and that he/she is knowingly, voluntarily, and intelligently waiving his/her rights and entering a voluntary and intelligent plea of guilty. I further certify to the court that I have in no way forced or induced the defendant to plead guilty and, to my knowledge, no one else has done so.

Date _____9/10/04_____    Attorney _____

### DEFENDANT'S STATEMENT OF WAIVER OF RIGHTS AND PLEA OF GUILTY

I certify to the court that my attorney has read and explained the matters set forth above; that my rights have been discussed with me in detail and fully explained; that I understand the charge or charges against me; that I understand my rights, the punishment or punishments provided by law as they may apply to my case, and I understand the consequences of pleading guilty; that I am not under the influence of any drugs, medicines, or alcoholic beverages; and I have not been threatened or abused or offered any inducement, reward, or hope or reward to plead guilty other than the terms of the plea agreement which will be stated on the record.

I further state to the court that I am guilty of the charge to which I am entering a plea of guilty, that I desire to plead guilty, that I made up my own mind to plead guilty, and that I knowingly, intelligently, and voluntarily waive my right to a trial in this case. I further state to the court that I am satisfied with my attorney's services and his/her handling of my case.

_____9/10/09_____    _____

336

Uniform Judicial System

Form C-7 REV 2/79

**CONTINUATION**

CC 04 325
TO   YEAR   NUMBER

Style: City v. Sonja Whitlaw

Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 10/26/04 | On this day, the Defendant, appeared along with the attorney (appointed/retained) and with the consent and approval of said attorney, the Defendant withdrew the plea of not guilty and entered a plea of guilty (offense below). Before accepting Defendant's plea of guilty, the Court advised the Defendant of all his/her constitutional rights, to include appellate rights, and questions and answers were taken down by the Court Reporter. The Defendant insisted on pleading guilty. The Court then permitted the Defendant to withdraw the plea of not guilty and enter a plea of guilty. The Court inquired of the Defendant in reference to anything to be said on why judgment and sentence should not now be pronounced and Defendant said nothing. On the plea of guilty thereto, it is ORDERED and ADJUDGED by the Court that the Defendant is guilty and, as punishment, the Defendant is hereby formally sentenced to the following: |

OFFENSE: __Crim Trespass III__   ☐ Charged in Indictment   ☐ Included

☒ Charged in Complaint   ☐ Included

☐ Felony   ☒ Misdemeanor   ☐ Youthful Offender   _____ Underlying Charge

☐ Within the Habitual Offender Limits   ☐ Under the Habitual Offender Act

TERM of: __30__   ☐ Months County Jail/City Auburn, Opelika   ☒ Days In County Jail - City Auburn, Opelika

☐ Years, Penitentiary of the State of Alabama

FINE: __100.00__   ATTORNEY FEES: _____

DRUG FINE: __∅__   FORENSIC SCIENCES FUND: __∅__   COURT COSTS: __Yes__

RESTITUTION: __∅__   TO: _____

VICTIM COMPENSATION FUND ASSESSMENT: _____   JAIL CREDIT: __180__ DAYS

COSTS, RESTITUTION, AND FINE TO BE PAID BY: __2-17-05__   30 da

DRIVER'S LICENSE SUSPENDED/REVOKED FOR: __N/A__

NOL PROS CASES WITH/WITHOUT COSTS: __N/A__

☐ APPLICATION FOR PROBATION   PROBATION HEARING DATE: _____

☐ WAIVED APPLICATION FOR PROBATION

☒ SENTENCE PLACED IN EFFECT   ☐ SENTENCE SUSPENDED, CONTINUED ON PRESENT BOND

☐ COMMUNITY SERVICE OF _____ HOURS TO BE PERFORMED WITH LEE COUNTY SOLID WASTE, Jack Marshall

Completed by: _____

REVIEW HEARING DATE __2-17-05__   ATTORNEY: __Todd Crutchfield__   ☒ APPOINTED   ☐ RETAINED

Defendant is banned from O.B Ennis
All time to run concurrent w/ CC04-308, 325 & 326

FILED IN OFFICE OCT 2 6 2004

_____
Jacob A. Walker, III, Circuit Court Judge

**EXHIBIT**

1 I

State of Alabama
Unified Judicial System

**CASE ACTION SUMMARY**
CONTINUATION

Case Number

Form C-7  Rev. 2/79

CC 04  325
ID    YR    Number

Style: City v. Sonya Whitlow

Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 8-25-04 | ☐ **When this case was called, the Defendant failed to appear.  Writ of Arrest to issue and conditional bond forfeiture is ordered.  Upon, arrest Court is to be notified.  NO BOND.** |
| | ☒ **It appearing to the Court that the Defendant is without and unable to employ an attorney and upon Defendant's request, the Court appoints HON** Bobby Paulk **ATTORNEY AT LAW to represent the Defendant.** |
| | ☐ **On this date the Defendant with his/her attorney makes application for Youthful offender.  HEARING IS SET FOR _____ 2004, AT _____ P.M.** |
| | ☐ **After investigation and examination of the Defendant by the Court, application for Youthful Offender is hereby GRANTED.  Trial set for:** |
| | ☐ **After investigation and examination of the Defendant by the Court application for Youthful Offender is hereby DENIED.** |
| | ☐ ~~The Defendant appearing open court accompany by the attorney of record and being duly arraigned, does plead not guilty.  The Defendant is granted five days to file motions or special pleas.  This case is set for trial:~~ at 8:30 a.m.  Motion hearings are set for: |
| | ☒ OTHER: Defendant is incarcerated in Opelika City Jail |

**EXHIBIT**
1J

| 8-25-04 | Defendant's Write Request for Position of the formula |
| 9-13-04 | This case is continued to 10/21/04 @ 10:00am 1:30. While Defendant is incarcerated, the Defendant is to be evaluated by East Alabama Mental Health. |

# CASE ACTION SUMMARY CONTINUATION

**STATE OF ALABAMA VS.    SONJA WHITLOW**          **CC-2004-325**

On 2/17/05 review hearing was held in this case. The following was ordered:

_____    On this date a review hearing was held on this case. The defendant is in custody on unrelated charges and did not appear. The case is to be continued generally.

_____    On this date a review hearing was held on this case. The defendant did not appear and has an outstanding warrant in this case. The case is to be continued generally.

_____    Defendant appeared before the court for the review hearing. The defendant was given a new review date of _____ in Courtroom 3.

_____    Failure to appear writ issued. The case was called and the defendant did not appear. The court is to be notified upon arrest. Defendant is to be held without bond.

_____    Defendant appeared before the court for the review hearing. The defendant has paid this case in full and is released from further review.

_____    Defendant appeared before the court for the review hearing. The defendant was given a new review date of _____ in Courtroom 3 of the Lee County Justice Center. The defendant is further ordered to pay all outstanding costs, fines, and monies due the court and complete community service hours by this review date.

_____    Defendant appeared before the court for the review hearing. The defendant was given a new review date of _____ in Courtroom 3 of the Lee County Justice Center. The defendant is further ordered to make monthly payments of $_____ in this case.

__X__    Defendant appeared before the court for the review hearing. The defendant has not made adequate payment in this case and is committed to the Lee County Jail with a purge amount $ _400.00_ The next review date for this case is _2/25/05 @ 11:30 Am_.

_____    Defendant is released from custody and a jail credit of $ _____ is ordered. The defendant was given a new review date of _____ in Courtroom 3 of the Lee County Justice Center. The defendant is further ordered to make monthly payments of $_____ in this case.

Hon. Jacob A. Walker III, Presiding Circuit Judge

**EXHIBIT**

1K

| State of Alabama Unified Judicial System | **CASE ACTION SUMMARY** | Case Number |
|---|---|---|
| Form C-7  Rev. 2/79 | **CONTINUATION** | CC 04 325 |
| | | ID    YR    Number |

**Style:**          State v. Sonja Whitlow

Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 3-3-05 | The Defendant appeared before this Court on February 25, 2005.  The Court ordered that the Defendant attend Opelika Addiction Center and a Review Hearing is set in this case on **July 7, 2005, at 9:00 1:30 P.M. in Courtroom Three of the Lee County Justice Center, Opelika, Alabama.**  The Defendant is to receive $250.00 in jail credit. |

cc:    Hon. Nick Abbett
        Hon. David Dawson
        Judith Walters, DHR
        James Eason, LC Jail

FILED IN OFFICE  MAR 0 3 2005

EXHIBIT

tabbies

1 L

# CASE ACTION SUMMARY CONTINUATION

**STATE OF ALABAMA VS.**        **SONJA WHITLOW**        **CC-04-325**

**7-7-05** a review hearing was held in this case. The following was ordered:

_____    On this date a review hearing was held on this case. The defendant is in custody on unrelated charges and did not appear. The case is to be continued generally.

_____    On this date a review hearing was held on this case. The defendant did not appear and has an outstanding warrant in this case. The case is to be continued generally.

___X___    Defendant appeared before the court for the review hearing. The defendant was given a new review date of _11/16/05_        _1:30_____ in Courtroom 3.

_____    Failure to appear writ issued. The case was called and the defendant did

_____    Defendant appeared before the court for the review hearing. The defendant has paid this case in full and is released from further review.

_____    Defendant appeared before the court for the review hearing. The defendant was given a new review date of _____ in Courtroom 3 of the Lee County Justice Center. The defendant is further ordered to pay all outstanding costs, fines, and monies due the court and complete community service hours by this review date.

_____    Defendant appeared before the court for the review hearing. The defendant was given a new review date of _____ in Courtroom 3 of the Lee County Justice Center. The defendant is further ordered to make monthly payments of $_____ in this case.

_____    Defendant appeared before the court for the review hearing. The defendant has not made adequate payment in this case and is committed to the Lee County Jail with a purge amount $_____ The next review date for this case is _____.

_____    Defendant is released from custody and a jail credit of $_____ is ordered. The defendant was given a new review date of _____ in Courtroom 3 of the Lee County Justice Center. The defendant is further ordered to make monthly payments of $_____ in this case.

_____

_____

_____
Hon. Jacob A. Walker III, Presiding Circuit Judge

FILED IN OFFICE
JUL 1 2 2005

**EXHIBIT**

1 M

| State of Alabama<br>Unified Judicial System<br><br>Form C-7 Rev. 2/79 | **CASE ACTION SUMMARY**<br>**CONTINUATION** | Case Number<br>CC 04-~~358~~ 325<br>ID        YR        Number |
|---|---|---|

Style:  **STATE OF ALABAMA** vs. Sonja Whitlow

Page number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| -16-05 | A REVIEW HEARING WAS HELD IN THIS CASE ON THIS DATE. THE FOLLOWING WAS ORDERED: |

☐ WRIT ISSUED: **FAILURE TO PAY.**

☐ THE CASE WAS CALLED. THE DEFENDANT DID NOT APPEAR. WRIT ISSUED. FAILURE TO APPEAR. WHEN ARRESTED THE COURT IS TO BE NOTIFIED. DEFENDANT IS TO BE HELD WITHOUT BOND.

☐ DEFENDANT HAS PAID THIS CASE IN FULL AND IS HEREBY RELEASED FROM FURTHER REVIEWS IN THIS CASE.

☒ THE DEFENDANT APPEARED BEFORE THIS COURT FOR A REVIEW HEARING. THE DEFENDANT WAS GIVEN A NEW REVIEW DATE OF: 1-17-06 1:30 PM ~~A.M.~~ IN COURTROOM NUMBER THREE OF THE LEE COUNTY JUSTICE CENTER.

☒ ADDITIONAL ORDERS:

Mr. Eason do consult before release

****Defendant was in custody of Opelika Police Department; City Jail.

CC: James Eason
    LC Jail

FILED IN OFFICE   NOV 1 8 2005

EXHIBIT

1N

| State of Alabama<br>Unified Judicial System<br>Form C-7 Rev. 2/79 | **CASE ACTION SUMMARY**<br>**CONTINUATION** | Case Number<br>CC 04 308 |
|---|---|---|

| | | ID        YR        Number |
|---|---|---|
| | | CC 04 325 & 326 |

Style: **STATE OF ALABAMA** vs. Jonja Whitlow    Page number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 1-17-06 | A REVIEW HEARING WAS HELD IN THIS CASE ON THIS DATE. THE FOLLOWING WAS ORDERED: |

[ ] **WRIT ISSUED. FAILURE TO PAY.**

[X] THE CASE WAS CALLED. THE DEFENDANT DID NOT APPEAR. **WRIT ISSUED. FAILURE TO APPEAR.** WHEN ARRESTED THE COURT IS TO BE NOTIFIED. DEFENDANT IS TO BE HELD WITHOUT BOND.

[ ] DEFENDANT HAS PAID THIS CASE IN FULL AND IS HEREBY RELEASED FROM FURTHER REVIEWS IN THIS CASE.

[ ] THE DEFENDANT APPEARED BEFORE THIS COURT FOR A REVIEW HEARING. THE DEFENDANT WAS GIVEN A NEW REVIEW DATE OF:
_____ .M. IN COURTROOM NUMBER THREE OF THE LEE COUNTY JUSTICE CENTER.

[ ] ADDITIONAL ORDERS:

FILED IN OFFICE    MAY 0 4 2006

STATE OF ALABAMA,
LEE COUNTY
I, CORINNE T. HURST do hereby certify that this is a true and correct copy of the original on file in this office.
Witness my hand and seal of Court this ____ day of _____ 06
CORINNE T. HURST, Circuit Clerk

**EXHIBIT**
10

ACR350

ALABAMA JUDICIAL DATA CENTER
CIRCUIT COURT OF                 LEE COUNTY

ALIAS WARRANT                           CC 2004 000325.00
JID: HON. JACOB A. WALKER III

THE  CITY OF OPELIKA              VS WHITLOW SONJA

TO ANY LAW ENFORCEMENT OFFICER:

YOU ARE HEREBY COMMANDED TO ARREST: WHITLOW SONJA
AND BRING HIM/HER BEFORE THIS COURT TO ANSWER THE STATE FOR THE CHARGE OF
FAILURE TO APPEAR ON THE CHARGE OF: CRIMINAL TRESPASS 3RD    - VIOLATION
                                                             -
                                                             -

WITNESS MY HAND THIS    JANUARY 24, 2006.


BOND SET AT: NO BOND          -              Connie S. Hunt
                                        JUDGE/CLERK/MAGISTRATE

DEFENDANT'S ADDRESS:              DEFENDANT'S DESCRIPTION:

2526 SAMFORD COURT
                                  HT: 000    WT: 000
OPELIKA          , AL 36801 0000  HAIR:      EYE:
                                  BIRTH DATE: 03/20/1964
                                  RACE: B     SEX: F
                                  SID#: 000000000
                                  SSN#: 419941788

  ALIAS:

  EMPLOYER: _____    PHONE NO: _____

  TICKET NUMBER: MCN04-336    AGENCY/OFFICER: 0430200/JOHNSON

NOTE: FAILED TO APPEAR FOR REVIEW HEARING

THIS APPEARS TO BE A VALID ADDRESS


  OFFICERS RETURN:
  RECEIVED ON ___1/24/06___

  EXECUTED ON ___4/7/06___              BY: _____

  ( ) DEFENDANT ARRESTED, RELEASED ON BOND
  ( ) DEFENDANT ARRESTED BY LAW ENFORCEMENT, IN JAIL
  ( ) DEFENDANT ARRESTED, NOT BOOKED
  ( ) NOT FOUND
  ( ) OTHER _____


  ( ) DEFENDANT ARRESTED BY SURETY
  SHERIFF                    OFFICER  Sgt Flournoy


OPERATOR:LEW
PREPARED:01/24/2006

EXHIBIT
iP

State of Alabama
Unified Judicial System

Form C-42     Rev 6/88

## ORDER OF RELEASE
## FROM JAIL

Case Number

CC 04 308
CC 04 325/326

IN THE _____ Circuit _____ COURT OF _____ Lee _____ COUNTY

STATE OF ALABAMA     v.     Sonja Whitlow

### TO THE JAILER WITH CUSTODY OF THE DEFENDANT

You are ordered to release from your custody the above named defendant, charged with the offense of

poss drug para Crim pres II menacing

Reason for Release _____ $625 iail credit & released to Opelika

Municipal Court Review 9/22/06 1:30 pm

Date _____ 5/2/06

_____
Judge/Clerk

COURT RECORD  (Original)        JAILER  (Copy)

By: _____

EXHIBIT

tabbies®

10

**ALABAMA SJIS CC/DC CASE DETAIL**



**OFFICE**                                                    **PREPARED FOR: MARC BASS**

County: **43**    Case Number: **CC-2003-000667.00**    Charge    **CTR3**
Name: **WHITLOW SONJA**

# Case

## Case Information

| | | |
|---|---|---|
| County: **43 - LEE** | Case Number: **CC-2003-000667.00**    JID: **JVD JOHN V DENSON** | DEF status: **B Bond** |
| Filed: **06/17/2003** | AAGCY: **M Municipal**    Muni N°: **01** | City: **OPELIKA** |
| Arrest date: **05/17/2003** | Offe date:    ORI: **0430200** | Officer: |
| Indict date: | Grand jury:    Atty 1: **AKE004A** | Ticket N°: **MCN03-473** |
| Tracking N°'s: **0/ 0/ 0** | | |
| Date: **04/21/2005** | Que: **001**    Time: **09:00 AM**    Desc: **REVW REVIEW DOCKET/HEAR** | |

## Defendant Information

| | | |
|---|---|---|
| Name: **WHITLOW SONJA** | Alias 1: | Alias 2: |
| DOB: **03/20/1964** | SSN: **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** | Driv License N°: **AL** |
| Height: **0"** | Weight: **0**    Race/Sex: **Black /F** | Eyes/Hair: **/** |
| SID: **AL0** | YDate:    AIS: | PR: **0** |
| Address 1: **307-C SOUTH 3RD STREET** | Address 2: | |
| Zip: **36801** | City: **OPELIKA**    State: **AL** | Country: **US** |

## Prosecutor & Atty Info

| | | |
|---|---|---|
| Prosecutor: **GUN003** | Attorney 1: **AKE004 A** | Attorney 2: |
| Prosecutor Flag: **Y** | Attorney 1 Flag: **Y** | Attorney 2 Flag: **Y** |

## Warrant Information

| | | |
|---|---|---|
| Warrant Date: **05/18/2005** | WARACT: **07/11/2005** | WARLOC: **07/11/2005** |
| BP ISS: | BP RTN: | |

## Charges

| | | | |
|---|---|---|---|
| 1. Crime co: **CTR3** | Statute: **CRIMINAL TRESPASS 3RD** | Stat Name: **13A-007-004** | Class/Categ: **V PR**    Counts: **1** |
| 2. Crime co: | Statute: | Stat Name: | Class/Categ:    Counts: |
| 3. Crime co: | Statute: | Stat Name: | Class/Categ:    Counts: |
| More: **N** | Dom Viol: | Case Type: **V** | Case Categ: **PR** |
| Comment: | | | |

## Bonding Information

| | | |
|---|---|---|
| Bond amt: **0.00** | Bond type: | Bond co: |
| Rel Date: | Surety: | CWIT: |
| Jury Demand: **Y** | | Appeal Date: **M Municipal court** |

# Settings

## Setting Dates

| | Date: | Que: | Time: | Description: |
|---|---|---|---|---|
| 1: | 04/21/2005 | 001 | 09:00 AM | REVW - REVIEW DOCKET/HEAR |
| 2: | 01/05/2006 | | 09:00 AM | HEAR - MOTION FOR PLACEME |
| 3: | 09/03/2003 | 001 | 09:00 AM | ARRG - ARRAIGNMENT |
| 4: | 09/29/2003 | | 08:30 AM | JTRL - TRIAL |



**EXHIBIT**

12



## Disposition

### Disposition

| | | | |
|---|---|---|---|
| CRT ACT: R Remanded | CA date: 09/25/2003 | Jury: | More: N |
| Charge 1: CTR3 CRIMINAL TRESPASS 3RD   13A-007-004   V U | | Counts: 001 | CA: 09/25/2003 |
| Charge 2: | | Counts: | CA: |
| Charge 3: | | Counts: | CA: |
| Admin: | Why: | TBNV1: | TBNV2: |
| Appeal: | CAPP: | Type: M | GJCA: |
| Cont Dt: | Why: | Cont N°: 0 | Dom Viol: |
| Comment: | | | |
| Case Compl: N | Sent Prov: Y | Due: | |
| Warr: 2 | SUBP: X SUBP: | Updated: 12/22/2005 | |

## Sentence

### Sentence

| | | | |
|---|---|---|---|
| Sent: 09/25/2003 | Begin: | End: 0 | PRB Beg: |
| IMP CONF: 00 00 000 | SUSP CONF: 00 00 000 | Total Conf: 00 00 000 | Jail Cred: 00 00 000 |
| LICN Susp: 00 00 000 | Probation: 00 00 000 | PRB Rev: | |

### Monetary

| | | | |
|---|---|---|---|
| X Cost: | Fine Imp: 0.00 | Fine Susp: 0.00 | CVCC: | HIS: |
| WCCS: | MCOS: | JFEE: 0.00 | DRGF: 0 | ASU: |
| PREL: | DRUG: | RCUP: 0.00 | | |
| RES1: 0.00 | | RES2: 0.00 | | RES3: 0.00 |
| RES4: 0.00 | | RES5: 0.00 | | RES6: 0.00 |

### Confine

| | | | | | | |
|---|---|---|---|---|---|---|
| PENT: | LIFE: | LWOP: | DEATH: | SPLIT: | BOOT: 0 | EMON: 0 |
| JAIL: | CCUR: | CSEC: | CTERM: | RVSPL: | GANG: 0 | |

### Programs

| | | | | | | |
|---|---|---|---|---|---|---|
| JDVR: | IPROB: | AASCH: | DUI: | DDC: | CSV: 0 | SAPP: |
| PTRL: | BCSCH: | MNTL: | CRO: | ASCH: | ANGER: | DRUGCT: |

### Enhanced

| | | | | |
|---|---|---|---|---|
| PROJ: | CNOT: | SCH: | VDOB: | HOOF: |
| DRUGCODE: | MEAS: | VOL: 0.00 | | |

| | | | |
|---|---|---|---|
| SEC/CUR: | | | |
| Comment: | | | |
| Bal Due: | Due: | CRO: | Updated:   Cost: 10/02/2003 |

© Alacourt.com   8/14/2006     3

## Case Action Summary

| Date | Time | Code | Comments | Operator |
|------|------|------|----------|----------|
| 06/17/2003 | 10:28:39 | JUDG | ASSIGNED TO: (RMH)          (AR01) | KAH |
| 06/17/2003 | 10:28:40 | STAT | INITIAL STATUS SET TO: "B" - BOND          (AR01) | KAH |
| 06/17/2003 | 10:28:41 | FILE | FILED ON: 06/17/2003          (AR01) | KAH |
| 06/17/2003 | 10:28:42 | ARRS | DEFENDANT ARRESTED ON: 05/17/2003          (AR01) | KAH |
| 06/17/2003 | 10:28:43 | DAT3 | SET FOR: ARRAIGNMENT ON 08/03/2003 AT 0900A(AR01) | KAH |
| 06/17/2003 | 10:28:44 | FILE | CHARGE 01: CRIMINAL TRESPASS 3R/CNTS: 001  (AR01) | KAH |
| 06/17/2003 | 10:28:45 | COMM | 6/12/03 NOTICE OF APPEAL/JOPD MCN03-473  (AR01) | KAH |
| 06/17/2003 | 10:28:59 | DAT4 | SET FOR: TRIAL ON 09/29/2003 AT 0630A     (AR10) | KAH |
| 06/17/2003 | 10:36:13 | CASP | CASE ACTION SUMMARY PRINTED          (AR01) | KAH |
| 06/17/2003 | 10:39:46 | CASP | CASE ACTION SUMMARY PRINTED | KAH |
| 08/18/2003 | 2:45:00 | DOCK | NOTICE SENT: 08/18/2003 GUNTER GUY F III | KAH |
| 08/18/2003 | 2:46:00 | DOCK | NOTICE SENT: 08/18/2003 WHITLOW SONJA | KAH |
| 09/10/2003 | 1:54:40 | ATY1 | ATTORNEY FOR DEFENDANT: THOMPSON PHILLIP ALLEN | KAH |
| 09/17/2003 | 11:37:07 | PRTY | PARTY ADDED  W001  ANDERSON NORRELL          (AW21) | KAH |
| 09/17/2003 | 11:37:12 | SUBP | WITNESS SUBPOENA ISSUED TO W001 ANDERSON NORRELL | KAH |
| 10/02/2003 | 2:33:12 | DJID | DISPOSITION JUDGE ID CHANGED FROM:   TO: RMH | KAH |
| 10/02/2003 | 2:33:13 | DISP | CHARGE 01 DISPOSED BY: REMANDED ON: 09/25/2003 | KAH |
| 10/02/2003 | 2:33:14 | DISP | CHARGE 01: CRIMINAL TRESPASS 3R/CNTS: 001  (AR10) | KAH |
| 10/02/2003 | 2:33:26 | CH01 | DEFENDANT SENTENCED ON: 09/25/2003          (AR05) | KAH |
| 10/02/2003 | 2:33:27 | CH01 | CVCC PROVISION ORDERED BY THE COURT          (AR05) | KAH |
| 10/02/2003 | 2:33:28 | CH01 | COST PROVISION ORDERED BY THE COURT          (AR05) | KAH |
| 10/02/2003 | 2:33:29 | CH01 | SUBPOENA FEE PROVISION ORDERED BY THE COURT (AR05) | KAH |
| 10/06/2003 | 2:26:17 | PTRM | PAYMENT TERMS NOTICE MAILED 10/07/2003 | AOC |
| 12/01/2003 | 2:22:00 | ENFD | PAYMENT DELINQUENT NOTICE MAILED ON 12/02/2003 | AOC |
| 09/15/2004 | 2:13:52 | PSTA | ENFORCEMENT PLACEMENT STATUS CHANGED TO: D | GEG |
| 10/06/2004 | 2:18:29 | DAT1 | SET FOR: PAY DUE DKT/HEARI ON 10/21/2004 AT 0900A | GEG |
| 10/13/2004 | 11:29:18 | ADD1 | ADDR1 CHANGED FROM: 302 WILSON CT          (AR01) | DOM |
| 10/13/2004 | 11:30:36 | ADD1 | ADDR1 CHANGED FROM: 307 - C S. 3RD STREET  (AR01) | DOM |
| 11/15/2004 | 11:34:24 | TEXT | ORDER FOR WRIT OF ARREST | GEG |
| 11/19/2004 | 8:58:14 | FTPW | FTP WARRANT ISSUED: 11/19/2004          (AR06) | GEG |
| 02/18/2005 | 9:54:01 | WARR | "S" WARRANT SERVICE ON: 02/16/2005          (AR10) | KAH |
| 02/18/2005 | 9:54:02 | WARR | WARRANT LOCATION IS: H ON: 02/16/2005     (AR10) | KAH |
| 03/10/2005 | 10:09:29 | JUDG | JUDGE ID CHANGED FROM: RMH TO: JVD          (AR10) | LEW |
| 03/10/2005 | 10:09:30 | DAT1 | SET FOR: REVIEW DOCKET/HEAR ON 04/21/2005 AT 0900A | LEW |
| 03/10/2005 | 10:09:42 | D001 | FREQUENCY SET TO "M"          (EC01) | LEW |
| 03/10/2005 | 10:09:43 | D001 | PAYMENT DUE DATE SET TO 04/21/2005          (EC01) | LEW |
| 03/10/2005 | 10:09:44 | D001 | FREQUENCY AMOUNT SET TO   $25.00          (EC01) | LEW |
| 05/18/2005 | 3:27:00 | TEXT | ORDER FOR WRIT OF ARREST | GEG |
| 05/18/2005 | 3:43:53 | FTPW | FTP WARRANT ISSUED: 05/18/2005          (AR06) | GEG |
| 07/18/2005 | 9:22:17 | D001 | PAYMENT DUE DATE SET TO: 05/20/2005          (FE52) | AHM |
| 07/19/2005 | 1:12:13 | WARR | "S" WARRANT SERVICE ON: 07/11/2005          (AR10) | GEG |
| 07/19/2005 | 1:12:14 | WARR | WARRANT LOCATION IS: H ON: 07/11/2005     (AR10) | GEG |
| 07/19/2005 | 3:34:31 | DAT2 | SET FOR: REVIEW DOCKET/HEAR ON 10/06/2005 AT 0900A | LEW |
| 07/19/2005 | 3:42:38 | COMM | DEFT GIVEN CREDIT $25          (FE52) | LEW |
| 07/19/2005 | 3:42:39 | D001 | PAYMENT DUE DATE SET TO: 06/18/2005          (FE52) | LEW |
| 07/19/2005 | 3:51:18 | D001 | PAYMENT DUE DATE SET TO 10/06/2005          (EC01) | LEW |
| 08/15/2005 | 3:57:41 | D001 | PAYMENT DUE DATE SET TO: 12/04/2005          (FE52) | DOA |
| 11/03/2005 | 8:58:00 | TEXT | MOTION FOR PLACEMENT | KEB |
| 11/03/2005 | 3:45:30 | TEXT | ORDER SETTING HEARING | KAH |
| 11/04/2005 | 3:44:36 | DAT2 | SET FOR: MOTION FOR PLACEME ON 11/15/2005 AT 0900A | KAH |
| 11/04/2005 | 3:46:19 | ATY1 | ATTORNEY FOR DEFENDANT: LAUDERDALE LAURYN AKENS | KAH |
| 12/22/2005 | 2:30:54 | TEXT | ORDER DEFT TO BE TRANSPORTED FROM OPELIKA CITY JAI | KAH |
| 12/22/2005 | 2:30:55 | TEXT | FOR A HEARING ON JAN 5, 2006 AT 9AM TO BE HELD | KAH |
| 12/22/2005 | 2:30:56 | TEXT | WITHOUT BOND | KAH |
| 12/22/2005 | 2:34:17 | DAT2 | SET FOR: MOTION FOR PLACEME ON 01/05/2006 AT 0900A | KAH |

© Alacourt.com  8/14/2006    4

| 01/06/2006 | 3:16:03 | TEXT | ORDER DEFT TO RESIDE IN A SUP RESIDENTIAL GROUP | KAH |
|---|---|---|---|---|
| 01/06/2006 | 3:16:04 | TEXT | HOME AS DEEMED APPROPRIATE PER THE EAST AL MENTAL | KAH |
| 01/06/2006 | 3:16:05 | TEXT | HEALTH CTR IN OPELIKA, ALA. DEFT TO BE TRANSPORT | KAH |
| 01/06/2006 | 3:16:06 | TEXT | TO THE FACILITY BY THE LCSO AS SOON AS | KAH |
| 01/06/2006 | 3:16:07 | TEXT | ACCOMMODATIONS ARE PERMITTED. EAST ALA MENTAL HE | KAH |
| 01/06/2006 | 3:16:08 | TEXT | HEALTH IS TO PROVIDE MONTHLY UPDATES REGARDING | KAH |
| 01/06/2006 | 3:16:09 | TEXT | THE DEFTS PROGRESS AND FUTURE TREATMENT | KAH |
| 01/06/2006 | 3:16:10 | TEXT | RECOMMENDATIONS. | KAH |
| 05/02/2006 | 11:29:00 | TEXT | DEFT TO REMAIN INCARCERATED AT THE LCDC UNTIL A | KAH |
| 05/02/2006 | 11:29:01 | TEXT | RESIDENTIAL GROUP HOME IS FOUND FOR PLACEMENT; | KAH |
| 05/02/2006 | 11:29:02 | TEXT | MR EASON IS COORDINATING ARRANGEMENTS WITH THE | KAH |
| 05/02/2006 | 11:29:03 | TEXT | EAST ALA MENTAL HEALTH CTR FOR PLACEMENT OF DEFT; | KAH |
| 05/02/2006 | 11:29:04 | TEXT | ONCE DEFT RELEASED AND PLACED IN A GROUP HOME, | KAH |
| 05/02/2006 | 11:29:05 | TEXT | DEFT DISABILITY CHECK WILL BE REINSTATED AND AT | KAH |
| 05/02/2006 | 11:29:06 | TEXT | THAT TIME DEFT SHALL PAY $25 MO WHICH SHALL BE | KAH |
| 05/02/2006 | 11:29:07 | TEXT | DIVIDED AMONG ALL FIVE CASES. | KAH |

 **END OF THE REPORT**



# SHERIFF OF LEE COUNTY

## JAY JONES

E-mail:
lcso@leecountysheriff.org

P.O. BOX 688
OPELIKA, AL 36803-0688

Phone (334) 749-5651
Fax (334) 749-4835

| Correction Specialist Progress Note |
| --- |

**Date: 10/06/05**
**Inmate: Whitlow, Sonja**
**Current Medications & Allergies:**
**Cell Assignment: Holding Cell - 2**
**Charges: Public Intoxication per Opelika Police Department**
**Current GAF: 25**

**Subjective:** Inmate is a 41 YOBF who presents secondary to her court appearance. Writer approached inmate in her holding cell where she subsequently took off her uniform and demanded that writer marry her. "Hey Easter Bunny will you marry me cause I want a blue eyed baby?" Writer instructed inmate to put her clothes back on which she finally did after much encouragement.

**Objective:** Inmate is a 41 YOBF who presents with labile stability and a happy/euphoric affect. She is alert and oriented to person and place. Inmate's speech is very rapid and pressured and there is noted increased psychomotor agitation. Her speech was slurred and there was intermittent lip smacking noted during the course of this interview. Her appearance is unkempt and she reports that she has not slept in days. Inmate indicated no changes in her appetite. She denies that she is experiencing suicidal/homicidal ideation as well as hallucinations. However, she was observed to be looking upward and speaking as if she were responding to auditory hallucinations. Inmate's behavior is bizarre at best but it is not atypical for her especially when she is under the influence of cocaine. Inmate states that prior to her arrest on 10/02/05 she consumed "a zilo" of crack cocaine. It appears that this inmate is still under the influence of a substance given her bizarre behavior. Writer can also attest to two other occasions (3/4/05 & 3/19/05) where this inmate presented to the Lee County Detention Center exhibiting similar behavior. She stated that she had been using cocaine on both of these dates.

**Assessment:**

| Appearance: unkempt | Affect/Mood: labile/happy | Perception: auditory hallucinations |
| --- | --- | --- |
| Behavior: bizarre/disorderly | Orientation: x 2 | Intellect: average |
| Appetite: ok | Memory: recent | Insight/Judgment: |
| Sleep: Poor | Thought Content: (-) SI/HI (+) PI/DT | Substance Abuse: cocaine |
| Speech: rapid/pressured | Thought Process: incoherent | Med Compliance: YES |

**Plan/Disposition:** Ms. Whitlow's rate of recidivism continues to increase as she fluctuates between incarcerations with the Lee County Sheriff's Office and the Opelika Police Department. She has been incarcerated with the Lee County Sheriff's Office three times this year within a two - month period. Writer can attest that during each incarceration Ms. Whitlow's personal health and hygiene vastly improved as well as her overall mental status. However, once she is released from jail she rapidly decompensates secondary to treatment noncompliance and drug usage. She currently receives

**EXHIBIT**

15

psychiatric services from the East Alabama Mental Health Center. However, as stated previously treatment noncompliance and housing are major issues regarding Ms. Whitlow's stability. Therefore, it is recommended that Ms. Whitlow be placed into a supervised living facility whereby treatment compliance can be ensured. Writer will be happy to coordinate this transition with the East Alabama Mental Health Center. Writer will follow up as indicated per the court.

Respectfully Submitted,

James Eason, MS, ALC, CRC, CVE, Correction Specialist/Mental Health Officer  # 43D47
Lee County Sheriff's Office & Detention Center

JAMES EASON, MS, ALC, CRC, CVE
MENTAL HEALTH OFFICER
LEE COUNTY SHERIFF'S OFFICE

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | | |
|---|---|---|
| **STATE OF ALABAMA,** | * | |
| | * | |
| **PLAINTIFF,** | * | |
| | * | |
| **V.** | * | **CASE NO.: CC-2003-667** |
| | * | |
| **SONJA WHITLOW,** | * | |
| | * | |
| **DEFENDANT.** | * | |

### MOTION FOR PLACEMENT

COMES NOW the Defendant, SONJA WHITLOW, by and through her attorney of record, Lauryn Akens Lauderdale, and moves this Honorable Court for an Order placing her in a Group Home and as grounds does herefore state as follows:

1. Counsel was appointed to represent Defendant at a Review Hearing.

2. This Honorable Court Order a Mental Evaluation be preformed by James Eason, Correction Specialist Mental Health Officer.

3. Officer Eason indicated that Ms. Whitlow rate of recidivism continue to increase as she fluctuates between incarcerations with Lee County Sheriff's Office and the Opelika Police Department. During each incarceration, Ms. Whitlow's personal health and hygiene vastly improves as well as her overall mental status. When she is released from jail, she rapidly decompensate secondary to treatment noncompliance and drug usage.

4. Officer Eason recommends that Ms. Whitlow be placed in a supervised treatment facility where treatment compliance can be insured.

5. Officer Eason states that Ms. Whitlow receives psychiatric services from East Alabama Mental Health Center.

FILED
NOV 0 2 2005
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

EXHIBIT
IT

WHEREFORE based on Officer Eason's recommendation, Counsel respectfully requests this Honorable Court Order placement in a Group Home.

Respectfully submitted, this _2nd_ day of _November_ 2005.

_Lauryn A. Lauderdale_
LAURYN AKENS LAUDERDALE

Of Counsel:
Lauderdale & Lauderdale, P.C.
700 Avenue D
Opelika, AL 36801
334-749-5196

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading, Notice of Appearance, upon the following by placing a copy of the same in the United States Mail, properly addressed and postage prepaid on this the _2nd_ day of _November_____, 2005.

Office of the District Attorney
Nick Abbett
2311 Gateway Dr.
Opelika, AL  36801

_Lauryn A. Lauderdale_
LAURYN A. LAUDERDALE

Of Counsel:
Lauderdale & Lauderdale, P.C.
700 Avenue D
Opelika, AL 36801
334-749-5196

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

STATE OF ALABAMA,                    *
                                     *
            Plaintiff,               *
                                     *
vs.                                  *        CASE NUMBER: CC-03-667
                                     *
SONJA WHITLOW,                       *
                                     *
            Defendant.               *

## ORDER

This Defendant, Sonya Whitlow, is hereby ORDERED to reside in a supervised

residential group home as deemed appropriate per the East Alabama Mental Health Center in

Opelika, Alabama.  The Defendant is to be transported to the facility by the Lee County Sheriff's

Office as soon as accommodations are permitted.  East Alabama Mental Health is to provide

monthly updates regarding the Defendant's progress and future treatment recommendations.

DONE this the __6th__ day of __January__, 2006.

_____
John V. Denson, II
Circuit Judge

cc:    Nick Abbett
       Lauryn Lauderdale
       James Eason
       Sheriff Jay Jones
       Ronnie Flournoy
       East Alabama Mental Health

FILED

JAN 9 2006

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK


EXHIBIT
1 U

| State of Alabama<br>Unified Judicial System<br><br>Form C-7 Rev. 2/79` | **CASE ACTION SUMMARY**<br>**CONTINUATION** | Case Number<br>CC-01-541 thru 544<br>CC-03-667 |
|---|---|---|
| | | **YR        Number** |
| | | |

**Style:**    STATE OF ALABAMA v.  WHITLOW, SONJA                                    Page Number _____ of _____ Page

| DATE` | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 05/02//06 | As ordered by this Court on January 6, 2006 in case CC-03-667, this Defendant is to remain incarcerated in the Lee County Detention Center until a residential group home is found for placement for the Defendant; Mr. James Eason is coordinating arrangements with the East Alabama Mental Health Center for placement of Defendant; Once Defendant is released from the LCDC and placed in a group home,  Defendant's disability check will be reinstated and at that time, Defendant shall pay $25/month which shall be divided among all five cases listed above; Defendant owes a total of $1,351.80 on all five cases listed; The Court was informed by Mr. Eason that Ms. Presley is the Defendant's case worker and would be responsible for payments to the Court for the Defendant; No collection fee is to be added to monies owed by this Defendant in this Court.<br><br>This Order is also to advise Ms. Presley that the Defendant has cases before Judge Walker, i.e. CC-04-308 - $322.00;  CC-04-325 - $445.00; CC-04-326 - $442.00; CC-05-673 - $298.00;   It would be this Court's recommendation that once the Defendant is placed in the group home, that Ms. Presley contact Judge Walker's office for payment instructions on cases before that Court.<br><br>cc:  Judge Walker;  Robert T. Treese, III; James Eason; Ms. Presley, East Alabama Mental Health Center |

**EXHIBIT**

1V

| State of Alabama<br>Unified Judicial System<br><br>Form C-7 Rev. 2/79 | **CASE ACTION SUMMARY**<br>**CONTINUATION** | Case Number<br>CC-03-667 |  |  |
|---|---|---|---|---|
|  |  | **ID** | **YR** | **Number** |
| ` |  |  |  |  |

**Style:**   **STATE OF ALABAMA v. WHITLOW, SONJA**       Page Number _____ of _____ Page

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 10/06/05 | Defendant appeared before this Court for restitution review; It is the ORDER of this Court that a mental evaluation be performed on this Defendant by James Eason; Once mental evaluation report is complete, the Court appointed attorney, Ms. Lauryn Lauderdale, is to prepare a Motion for Placement to a Group Home so the Court can rule on the same; The Court will follow-up with restitution matters at a later date |
| | *[signature]* |
| 11/3/05 | *Hearing on Motion for Placement set for November 15, 2005 at 9:00; Order to Transport from OPD on November 15, 2005 at 8:00 am* |



EXHIBIT

2A



# SHERIFF OF LEE COUNTY
# JAY JONES

E-mail:
lcso@leecountysheriff.org

P.O. BOX 688
OPELIKA, AL 36803-0688

Phone (334) 749-5651
Fax (334) 749-4835



| Correction Specialist Progress Note |
| --- |

**Date:** 10/06/05
**Inmate:** Whitlow, Sonja
**Current Medications & Allergies:**
**Cell Assignment:** Holding Cell - 2
**Charges:** Public Intoxication per Opelika Police Department
**Current GAF:** 25

**Subjective:** Inmate is a 41 YOBF who presents secondary to her court appearance. Writer approached inmate in her holding cell where she subsequently took off her uniform and demanded that writer marry her. "Hey Easter Bunny will you marry me cause I want a blue eyed baby?" Writer instructed inmate to put her clothes back on which she finally did after much encouragement.

**Objective:** Inmate is a 41 YOBF who presents with labile stability and a happy/euphoric affect. She is alert and oriented to person and place. Inmate's speech is very rapid and pressured and there is noted increased psychomotor agitation. Her speech was slurred and there was intermittent lip smacking noted during the course of this interview. Her appearance is unkempt and she reports that she has not slept in days. Inmate indicated no changes in her appetite. She denies that she is experiencing suicidal/homicidal ideation as well as hallucinations. However, she was observed to be looking upward and speaking as if she were responding to auditory hallucinations. Inmate's behavior is bizarre at best but it is not atypical for her especially when she is under the influence of cocaine. Inmate states that prior to her arrest on 10/02/05 she consumed "a zilo" of crack cocaine. It appears that this inmate is still under the influence of a substance given her bizarre behavior. Writer can also attest to two other occasions (3/4/05 & 3/19/05) where this inmate presented to the Lee County Detention Center exhibiting similar behavior. She stated that she had been using cocaine on both of these dates.

**Assessment:**

| | | |
| --- | --- | --- |
| Appearance: unkempt | Affect/Mood: labile/happy | Perception: auditory hallucinations |
| Behavior: bizarre/disorderly | Orientation: x 2 | Intellect: average |
| Appetite: ok | Memory: recent | Insight/Judgment: |
| Sleep: Poor | Thought Content: (-) SI/HI (+) PI/DT | Substance Abuse: cocaine |
| Speech: rapid/pressured | Thought Process: incoherent | Med Compliance: YES |

**Plan/Disposition:** Ms. Whitlow's rate of recidivism continues to increase as she fluctuates between incarcerations with the Lee County Sheriff's Office and the Opelika Police Department. She has been incarcerated with the Lee County Sheriff's Office three times this year within a two - month period. Writer can attest that during each incarceration Ms. Whitlow's personal health and hygiene vastly improved as well as her overall mental status. However, once she is released from jail she rapidly decompensates secondary to treatment noncompliance and drug usage. She currently receives

**EXHIBIT**

2 B

psychiatric services from the East Alabama Mental Health Center. However, as stated previously treatment noncompliance and housing are major issues regarding Ms. Whitlow's stability. Therefore, it is recommended that Ms. Whitlow be placed into a supervised living facility whereby treatment compliance can be ensured. Writer will be happy to coordinate this transition with the East Alabama Mental Health Center. Writer will follow up as indicated per the court.

Respectfully Submitted,

James Eason, MS, ALC, CRC, CVE, Correction Specialist/Mental Health Officer  # 43D47
Lee County Sheriff's Office & Detention Center

JAMES EASON, MS, ALC, CRC, CVE
MENTAL HEALTH OFFICER
LEE COUNTY SHERIFF'S OFFICE

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

STATE OF ALABAMA,                    *
                                     *
    PLAINTIFF,                       *
                                     *
V.                                   *      CASE NO.: CC-2003-667
                                     *
SONJA WHITLOW,                       *
                                     *
    DEFENDANT.                       *

## MOTION FOR PLACEMENT

COMES NOW the Defendant, SONJA WHITLOW, by and through her attorney of record, Lauryn Akens Lauderdale, and moves this Honorable Court for an Order placing her in a Group Home and as grounds does herefore state as follows:

1.      Counsel was appointed to represent Defendant at a Review Hearing.

2.      This Honorable Court Order a Mental Evaluation be preformed by James Eason, Correction Specialist Mental Health Officer.

3.      Officer Eason indicated that Ms. Whitlow rate of recidivism continue to increase as she fluctuates between incarcerations with Lee County Sheriff's Office and the Opelika Police Department.  During each incarceration, Ms. Whitlow's personal health and hygiene vastly improves as well as her overall mental status.  When she is released from jail, she rapidly decompensate secondary to treatment noncompliance and drug usage.

4.      Officer Eason recommends that Ms. Whitlow be placed in a supervised treatment facility where treatment compliance can be insured.

5.      Officer Eason states that Ms. Whitlow receives psychiatric services from East Alabama Mental Health Center.

FILED

NOV 0 2 2005

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

EXHIBIT

2 C

WHEREFORE based on Officer Eason's recommendation, Counsel respectfully requests this Honorable Court Order placement in a Group Home.

Respectfully submitted, this ___2nd___ day of ___November___ 2005.

LAURYN AKENS LAUDERDALE

Of Counsel:
Lauderdale & Lauderdale, P.C.
700 Avenue D
Opelika, AL 36801
334-749-5196

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading, Notice of Appearance, upon the following by placing a copy of the same in the United States Mail, properly addressed and postage prepaid on this the ___2nd___ day of ___November___, 2005.

Office of the District Attorney
Nick Abbett
2311 Gateway Dr.
Opelika, AL 36801

LAURYN A. LAUDERDALE

Of Counsel:
Lauderdale & Lauderdale, P.C.
700 Avenue D
Opelika, AL 36801
334-749-5196

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | | |
|---|---|---|
| **STATE OF ALABAMA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CASE NUMBER: CC-03-667** |
| | * | |
| **SONJA WHITLOW,** | * | |
| | * | |
| **Defendant.** | * | |

### ORDER

This matter is before the Court on the "Motion for Placement" filed on November 2, 2005 by the Defendant's attorney, Lauryn Lauderdale.   This matter is set for Hearing on **November 15, 2005 at 9:00 a.m. in courtroom number four of the Lee County Justice Center.**

DONE this the __3rd__ day of __November__, 2005.

John V. Denson, II
Circuit Judge

F I L E D
NOV - 4 2005
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

cc:    Nick Abbett
       Lauryn Lauderdale



EXHIBIT
2D

| State of Alabama Unified Judicial System Form C-7 Rev. 2/79 | **CASE ACTION SUMMARY** CONTINUATION | Case Number CC-03-667 |
|---|---|---|

| | | **ID** | **YR** | **Number** |

**Style:**  STATE OF ALABAMA v. WHITLOW, SONJA

Page Number _____ of _____ Page

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 11/15/05 | This case was before the Court on a Motion for Placement which was filed by the Defendant's attorney, Lauryn Lauderdale, on November 2, 2005; The LCSD failed to transport the Defendant from the OPD for this Hearing, therefore this matter is continued until **January 5, 2006 at 9:00 a.m.  Another Motion to Transport has been filed with the Clerk so this Defendant can be present for said Hearing.** |

**EXHIBIT**

2E

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NUMBER: CC-03-667 |
| | * | |
| SONJA WHITLOW, | * | |
| | * | |
| Defendant. | * | |

## **ORDER**

The Court has been notified that this Defendant, Sonja Whitlow, is incarcerated in the Opelika City Jail, in Opelika, Alabama.. IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Sonja Whitlow, is to be transported from the Opelika City Jail to the to the Lee County Jail for a Hearing in the above-referenced case on **January 5, 2006 at 9:00 a.m. in courtroom number four of the Lee County Justice Center, Opelika, Alabama.** Said Defendant needs to be transported to the Lee County Jail by **January 5, 2006 at 8:00 a.m..** The prisoner is to be held in the Lee County **without bond**.

DONE this the __21st__ day of __December__, 2005.

_____
John X. Denson, II
Circuit Judge

cc:    Nick Abbett
       Major Cary Torbert
       Sgt. Ronnie Flournoy
       Lauryn Lauderdale
       Jeannie Wilson/Opelika City Jail

FILED
DEC 2 2 2005

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK



EXHIBIT
2F

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

STATE OF ALABAMA,              *
                               *
    Plaintiff,          *
                               *
vs.                            *          CASE NUMBER: CC-03-667
                               *
SONJA WHITLOW,                 *
                               *
    Defendant.          *

### ORDER

This Defendant, Sonya Whitlow, is hereby ORDERED to reside in a supervised residential group home as deemed appropriate per the East Alabama Mental Health Center in Opelika, Alabama. The Defendant is to be transported to the facility by the Lee County Sheriff's Office as soon as accommodations are permitted. East Alabama Mental Health is to provide monthly updates regarding the Defendant's progress and future treatment recommendations.

DONE this the ___6th___ day of ___January___, 2006.

_____
John V. Denson, II
Circuit Judge

cc:   Nick Abbett
      Lauryn Lauderdale
      James Eason
      Sheriff Jay Jones
      Ronnie Flournoy
      East Alabama Mental Health

FILED
JAN 9 2006
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

EXHIBIT
2G

| State of Alabama<br>Unified Judicial System<br><br>Form C-7 Rev. 2/79' | **CASE ACTION SUMMARY**<br>**CONTINUATION** | Case Number<br>CC–01-541 thru 544 |
|---|---|---|
| | | CC-03-667 |
| | | **YR** **Number** |
| | | |

**Style:** STATE OF ALABAMA v. WHITLOW, SONJA          Page Number _____ of _____ Page

| DATE` | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 05/02//06 | As ordered by this Court on January 6, 2006 in case CC-03-667, this Defendant is to remain incarcerated in the Lee County Detention Center until a residential group home is found for placement for the Defendant; Mr. James Eason is coordinating arrangements with the East Alabama Mental Health Center for placement of Defendant; Once Defendant is released from the LCDC and placed in a group home, Defendant's disability check will be reinstated and at that time, Defendant shall pay $25/month which shall be divided among all five cases listed above; Defendant owes a total of $1,351.80 on all five cases listed; The Court was informed by Mr. Eason that Ms. Presley is the Defendant's case worker and would be responsible for payments to the Court for the Defendant; No collection fee is to be added to monies owed by this Defendant in this Court.<br><br>This Order is also to advise Ms. Presley that the Defendant has cases before Judge Walker, i.e. CC-04-308 - $322.00;  CC-04-325 - $445.00; CC-04-326 - $442.00; CC-05-673 - $298.00;  It would be this Court's recommendation that once the Defendant is placed in the group home, that Ms. Presley contact Judge Walker's office for payment instructions on cases before that Court.<br><br>cc:  Judge Walker;  Robert T. Treese, III; James Eason; Ms. Presley, East Alabama Mental Health Center |

STATE OF ALABAMA,
LEE COUNTY
    I, CORINNE T. HURST do hereby certify that this is a
true and correct copy of the original on file in this office.
Witness my hand and seal of Court this 11th day
of _____ Aug _____ 06

CORINNE T. HURST, Circuit Clerk

EXHIBIT

2H