IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SONJA E. WHITLOW, | ) |
|     Petitioner, | ) ) ) |
| v. | )   CASE NO. 3:06-CV-655-MEF |
| JUDGE DENSON, et al., | ) ) ) |
|     Respondents. | ) |

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Sonja E. Whitlow ["Whitlow"], a state inmate, on July 20, 2006.[1] In this petition, Whitlow challenges a conviction for criminal trespassing imposed upon her on April 12, 2004 by the Circuit Court of Lee County, Alabama.

Pursuant to the orders of this court, the respondents filed an answer in which they assert that Whitlow was not "in custody" on her trespassing conviction at the time she filed the instant habeas petition. The state court record submitted by the respondents demonstrates that the sentence imposed for the challenged conviction expired on May 2, 2006, *Respondents' Exhibit 1Q*, prior to the date this federal action was filed.[2]

---

    1. Although the Clerk stamped the petition "filed" on July 24, 2006, it is clear that Whitlow submitted the petition for mailing prior to this date. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Whitlow] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and for purposes of proceedings herein, the court considers July 20, 2006 as the date of filing.

    2. Whitlow is now confined pursuant to an order entered in a 2003 Lee County case.

The law is well settled that "[f]ederal district courts have jurisdiction to entertain habeas petitions only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3). A petitioner is not 'in custody' to challenge a conviction when the sentence imposed for that conviction has completely expired. *Maleng v. Cook,* 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989)." *Van Zant v. Florida Parole Commission*, 104 F.3d 325, 327 (11th Cir. 1997); *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001) (federal courts lack subject matter jurisdiction to consider habeas "petitions which challenge a conviction with a completely expired sentence.").

In light of the foregoing, it appears that the petition for writ of habeas corpus filed by Sonja Whitlow on July 20, 2006 is due to be dismissed for lack of subject-matter jurisdiction as the petitioner is not "in custody" on the trespassing conviction challenged in the instant petition. *Maleng v. Cook,* 490 U.S. 488, 490 (1989). Accordingly, it is

ORDERED that on or before September 11, 2006 the petitioner shall show cause why this case should not be dismissed as she does not satisfy the "in custody" requirement necessary to allow a habeas attack on her 2004 trespassing conviction.

Done this 5th day of September, 2006.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE