IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SONJA E. WHITLOW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 3:06-CV-655-MEF |
| ) | [WO] |
| ) | |
| JUDGE DENSON, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Sonja E. Whitlow ["Whitlow"], an inmate confined in the Lee County Detention Facility, on July 20, 2006.[1] In this petition, Whitlow challenges a conviction for criminal trespassing imposed upon her on April 12, 2004 by the Circuit Court of Lee County, Alabama. Whitlow identifies this conviction as CC-04-325-C.

Pursuant to the orders of this court, the respondents filed an answer in which they maintain that Whitlow was not "in custody" on the trespassing conviction at the time she filed the instant habeas petition. The state court record submitted by the respondents

---

[1] 1. Although the Clerk stamped the petition "filed" on July 24, 2006, Whitlow certified that she placed the petition in the prison mail system for mailing on July 20, 2006. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day" Whitlow certified she undertook such action. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers July 20, 2006 as the date of filing.

demonstrates that the sentence imposed for the challenged conviction expired on May 2, 2006, *see Respondents' Exhibit 1Q*, prior to the date Whitlow federal habeas action.[2]

## DISCUSSION

The law is well settled that "[f]ederal district courts have jurisdiction to entertain habeas petitions only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3). A petitioner is not 'in custody' to challenge a conviction when the sentence imposed for that conviction has completely expired. *Maleng v. Cook,* 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989)." *Van Zant v. Florida Parole Commission*, 104 F.3d 325, 327 (11th Cir. 1997); *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001) (federal courts lack subject matter jurisdiction to consider habeas "petitions which challenge a conviction with a completely expired sentence.").

Whitlow filed the instant petition for habeas corpus relief on July 20, 2006. Whitlow completed service of the sentence imposed for the trespassing conviction challenged in this habeas petition on May 2, 2006. It is therefore clear that at the time Whitlow filed this § 2254 petition she was not "in custody" pursuant to the 2004 trespassing conviction as is required for purposes of a habeas attack on this conviction. Thus, the petition for writ of habeas corpus filed by Sonja E. Whitlow on July 20, 2006 is due to be dismissed for lack of

---

[2] 2. The record establishes that Whitlow is now confined pursuant to an order entered in a 2003 Lee County case.

subject matter jurisdiction as the petitioner is not "in custody" on the trespassing conviction challenged in this petition. *Maleng v. Cook,* 490 U.S. 488, 490 (1989).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2254 petition for habeas corpus relief be denied and this case dismissed with prejudice as this court lacks jurisdiction to consider the petitioner's claims for relief.

It is further

ORDERED that **on or before October 3, 2006**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

    Done this 20th day of September, 2006.

                                           /s/Charles S. Coody
                                CHARLES S. COODY
                                CHIEF UNITED STATES MAGISTRATE JUDGE